UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KURT WASSENAAR, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GARY LANIGAN, et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 13-1485 (MAS) (DEA) <br><br><br> MEMORANDUM ORDER |

This matter comes before the Court on Ricky Kurt Wassenaar's ("Plaintiff" or "Wassenaar") appeal of an order entered by the Honorable Douglas E. Arpert, U.S.M.J., denying Wassenaar's application for the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) ("Order") (ECF No. 35). (ECF No. 36.)

A magistrate judge is "accorded wide discretion in addressing non-dispositive motions." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A magistrate judge's resolution of non-dispositive matters may be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1); *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998) (citing 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous only 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). For a magistrate judge's decision to be contrary to law, the Court must find that the magistrate judge misapplied or misinterpreted the applicable law. *Gunter*, 32 F. Supp. 2d at 164. "[A] 'magistrate judge's findings should not be rejected even if a reviewing court could

have decided the issue differently.'" *Costa v. Cnty. of Burlington*, 584 F. Supp. 2d 681, 684 (D.N.J. 2008) (quoting *Toth v. Alice Pearl, Inc.*, 158 F.R.D. 47, 50 (D.N.J. 1994)).

Plaintiff argues that Judge Arpert erred in denying his application for pro bono counsel because the Honorable Peter G. Sheridan, U.S.D.J.[1], intended to grant the application. Specifically, Judge Sheridan's April 15, 2015 opinion provided, "while the Court is inclined to grant [Plaintiff's] request for counsel, Plaintiff must first submit an application for *in forma pauperis* status under 28 U.S.C. § 1915 before the Court can finalize its decision." (April 15, 2015 Op., ECF No. 32.) According to Plaintiff, since Judge Sheridan indicated that he was inclined to grant pro bono counsel, Judge Arpert erred in subsequently denying the application. (Pl.'s Mot. 1, ECF No. 36.)

Here, the Court recognizes Judge Sheridan's indication that he was inclined to grant pro bono counsel. Judge Arpert, nevertheless, carefully considered Plaintiff's application and independently weighed the relevant factors for making the determination, which are provided in *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993). As Judge Arpert noted in his Order, "district courts have broad discretion to request an attorney to represent an indigent civil litigant." (Order 2 (citing *Tabron*, 6 F.3d at 153).) In addition, Judge Arpert stated, "The Court will assess Plaintiff's continued ability to present his case; and if the need for counsel should arise then the Court will appoint an attorney *sua sponte*." (*Id.*) As such, it is clear that Judge Arpert will revisit the issue of pro bono counsel as the case progresses. In addition, nothing prohibits Plaintiff from filing another pro bono counsel application in the future. In light of the broad discretion provided to district courts in considering pro bono counsel requests and the wide discretion provided to

---

[1] Judge Sheridan recused himself from the case on August 17, 2015, and the case was reassigned to the undersigned on August 20, 2015. (ECF Nos. 42 and 43, respectively.)

magistrate judges in addressing non-dispositive applications, the Court does not find that Judge Arpert's decision was clearly erroneous or contrary to law. Accordingly, for the reasons set forth above, and for other good cause shown,

IT IS on this 28th day of December, 2015 **ORDERED** that Plaintiff's appeal is denied.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE