UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY KURT WASSENAAR, | Civil Action No. 13-1485 (MAS) (DEA) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| GARY LANIGAN, et al., | |
| Defendants. | |

*Pro se* Plaintiff Ricky Kurt Wassenaar is proceeding with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court previously dismissed all of Plaintiff's claims, except for the claim against Defendants Gary Lanigan, Michelle Ricci, Ken Nelsen, and Charles Warren ("Supervisory Defendants") for the loss and destruction of his personal property (Count IV), and his claims against john doe defendants. (Op. 15-16, Apr. 29, 2016, ECF No. 63; *see* Order, Feb. 9, 2016, ECF No. 60; Order, Apr. 29, 2016, ECF No. 64.) Presently before the Court is the Supervisory Defendants' motion for judgment on the pleadings, seeking to dismiss the last remaining claim against them ("Motion"). (ECF No. 72.) To date, Plaintiff has not filed an opposition. It appearing:

    1. Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more

> than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The standard of review on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as on a motion under Rule 12(b)(6)—that is, Plaintiff must allege "sufficient factual matter, accepted as true [and viewed in the light most favorable to the plaintiff], to state a claim to relief that is plausible on its face." *Hlista v. Safeguard Props., LLC*, No. 15-1812, 2016 WL 2587986, at *1 n.4 (3d Cir. May 5, 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants bears the burden of showing that no claim has been presented. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

2. In the prior opinion, the Court described Count IV against the Supervisor Defendants as alleging that:

> Plaintiff's personal properties were either taken and later found destroyed, or were never returned to him at all. (*See, e.g.*, Am. Compl. 3, 5[, ECF No. 44]; Addendum 3[, ECF No. 44-1].) Later on, Plaintiff alleges that he filed grievances about his properties with supervisory officials. (See Addendum 7.) Indeed, in the exhibits attached to the Amended Complaint, there are copies of grievances regarding Plaintiff's personal properties. (See, e.g., Ex. A at 3; Ex. B at 6; Ex. C at 2; Ex. D at 6.)

(Op. 15-16, Apr. 29, 2016.)

3. In the instant Motion, the Supervisory Defendants argue that Plaintiff has failed to state a claim against them upon which relief may be granted, because there are no allegations of personal involvement by the Supervisory Defendants. The Court agrees. As the Court stated in the prior opinion, "[w]hile affirmative action by a supervisory official is not required to state a § 1983 claim, Plaintiff must still show that "a supervisor . . . had knowledge and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med. Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (rev'd

on other grounds); *see Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."). "[A]llegations [that] . . . merely assert their involvement in the post-incident grievance process" are insufficient to establish liability. *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005). "Merely responding to or reviewing an inmate grievance does not rise to the level of personal involvement necessary to allege an Eighth Amendment deliberate indifference claim." *Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015)." (Op. 6, Apr. 29, 2016.) However, "repeated written complaints to a supervisory defendant of an *ongoing* constitutional violation may be sufficient to establish deliberate indifference by circumstantial evidence." *Id.*

4. Here, Plaintiff's claim concerns loss of personal property that were either taken or destroyed by prison officials. With regard to the Supervisory Defendants, Plaintiff does not allege direct personal involvement. Instead, Plaintiff relies on his grievances to establish personal involvement by knowledge and acquiescence. However, Plaintiff does not allege that the asserted unconstitutional deprivation of property was ongoing—he merely complains about past conduct that led to the loss of his property. As the Court opined previously, "[t]he receipt of, or response to, grievances about past violations will not do because the supervisor's actions, or lack thereof, would not have caused the plaintiff additional injury. *See Robinson v. Ricci*, No. 08-2023, 2012 WL 1067909, at *10 (D.N.J. Mar. 29, 2012) (finding no personal involvement when a supervisory official was made aware of a constitutional violation after it had already occurred); *Carter*, 2009 WL 3088428, at *6 (distinguishing allegations of ongoing violations from those that already occurred)." *Id.* at 7. Accordingly, the Court dismisses Count IV against the Supervisory Defendants with prejudice, as leave to amend would be futile. *See Id.* at 8 n.5; *Grayson v. Mayview*

*State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend). Since the only claims remaining in the Amended Complaint are against john doe defendants, the Court also dismisses the Supervisory Defendants from the case.

5. As discovery has closed at this point, (*see* Second Am. Scheduling Order, June 24, 2016, ECF No. 69), the Court hereby directs Plaintiff to, within thirty days from the date of entry of the accompanying Order, amend the Complaint and explicitly identify the john doe defendants. Failure to do so will result in the dismissal of the Complaint. If Plaintiff believes that additional discovery is necessary, and whatever discovery he had was inadequate to identify the unnamed defendants, he may file an appropriate motion to reopen discovery.

/s/ Michael A. Shipp
Michael A. Shipp
United States District Judge

Date: 10/5/16